UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darin Ulmer,<br><br>    Plaintiff,<br><br>vs.<br><br>Outsource Receivables, Inc., *a domestic corporation*,<br><br>    Defendant. | CIVIL FILE NO.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Darin Ulmer ("Ulmer" or "Plaintiff") is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Outsource Receivables, Inc. ("Outsource" or "Defendant"), upon information and belief, is a domestic corporation that operates as a debt collection agency from an address of 3300 County Road 10, Suite 100, Brooklyn Center,

Minnesota 55429-3064. Outsource is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before August 2010.

9. On or about August 30, 2010, Outsource communicated with Plaintiff by leaving a scripted telephonic message in an attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In this scripted telephonic message, Outsource violated 15 U.S.C. §§ 1692d and 1692d(6) of the FDCPA because Outsource did not "meaningfully disclose" its identity and that Outsource is a debt collector calling to collect a debt. Outsource also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because Outsource failed to sufficiently disclose to Plaintiff that it was a debt collector and that the communication was from a debt collector.

11. Specifically, for example, Outsource left the following scripted voicemail on or about August 30, 2010: "Good afternoon. This message is for Darin Ulmer.

Darin this is Carla Jones calling from ORI.  Please return my call at your earliest convenience at 763-746-1990 and make sure you reference account 145323.  Thank you." End of message.

12. Based upon information and belief, Outsource has left numerous scripted voicemail messages similar to the one left for Plaintiff on or about August 30, 2010 in an attempt to collect a debt from Plaintiff which violated 15 U.S.C. §§ 1692d, 1692d(6), 1692e and 1692e(11).

13. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by Outsource.

14. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of Outsource's acts and omissions.

### *Respondeat Superior Liability*

15. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Outsource.

16. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agent(s) were authorized to perform by Outsource in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant's employee(s) were motivated to benefit their principal, Outsource.

18. Defendant Outsource is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in their attempt to collect this debt from Plaintiff.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

20. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

21. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

22. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

23. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  September 24, 2010.            **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
        Patrick L. Hayes (0389869)
        William C. Michelson (129823)
        Attorneys for Plaintiff
        3101 Irving Avenue South

5

Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com
bmichelson@marsomichelson.com